# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES FOSTER WILCOX, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-26 Erie |
| v. | ) | |
| | ) | |
| ERIE COUNTY PRISON, et al. | ) | District Judge Susan Paradise Baxter |
| Defendants. | ) | |

## MEMORANDUM OPINION

**I.  INTRODUCTION**

**A.  Relevant Procedural and Factual History**

Plaintiff James Foster Wilcox, a former inmate at the Erie County Prison ("ECP"), commenced this *pro se* civil rights action against ECP and its Deputy Warden, Michael W. Holman ("Holman), based on events that transpired during the course of Plaintiff's incarceration. Specifically, Plaintiff alleges that his religious freedom rights were violated on December 12, 2017, when Holman "rescinded [his] Kosher diet as punishment for eating Kosher foods from another inmates [sic] tray." (ECF No. 7, Complaint, at Section IV.C). As relief, Plaintiff seeks an award of "$10,000.00 for every day [he] was made unclean by being forced to eat NON kosher foods," plus injunctive relief, in the form of an order requiring "the prison to offer a proper kosher diet." ( Id. at Section VI).

Defendants filed a motion to dismiss on April 6, 2018 [ECF No. 16], along with a supporting brief [ECF No. 17] and numerous exhibits [ECF No. 16-2 through 16-18]. Defendants contend, *inter alia*, that the complaint is patently frivolous and subject to dismissal under the Prison Litigation Reform Act and, alternatively, fails to state a cause of action upon which relief may be granted under Rule 12(b) of the Federal Rules of Civil Procedure.

1

By order dated April 11, 2018, this Court directed Plaintiff to respond to the pending motion on or before May 9, 2018. [ECF No. 18]. To date, Plaintiff has not responded to Defendant's motion, nor has he sought an extension of time for the purpose of responding. This matter is now ripe for consideration.

**B.** **Standard of Review**

"When considering a Rule 12(b)(6) motion, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n, 894 F.3d 509, 526–27 (3d Cir. 2018) (internal quotation marks and citations omitted). In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id, citing Twombly, 550 U.S. at 556.

Because Plaintiff is proceeding *in forma pauperis,* the Court is also independently obligated under 28 U.S.C. §1915(e) to consider the sufficiency of Plaintiff's complaint and dismiss the case "at any time" if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In conducting a review under 28 U.S.C.

§1915(e)(2)(B)(ii), the court applies the same standard of review as it would apply under a traditional Rule 12(b)(6) analysis. See Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012).

In conducting a Rule 12(b)(6) analysis, the Court may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents." Wayne Land, 894 F.3d at 526–27 (internal quotation marks and citations omitted) (alteration in the original). "If, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). Here, Defendants have appended numerous exhibits outside of the pleadings in support of their motion. In its briefing order, the Court advised Plaintiff of the fact that some or all of the matters raised by Defendants' motion may be treated as though raised on a motion for summary judgment. [ECF No. 18]. Nevertheless, given the fact that Plaintiff's claims are facially deficient under a Rule 12(b)(6) standard, the Court will not convert Defendants' motion into a Rule 56 motion at this time.

## II. DISCUSSION

Although the complaint does not expressly identify a cause of action, it alleges violations of federal law pertaining to "freedom of religion." Construing the complaint liberally,[1] the Court assumes that Plaintiff may be trying to state a claim under 42 U.S.C. §1983 for the alleged

---

[1] Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner ... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Dep't of Corr., 949 F.2d 360 (10th Cir. 1991).

violation of his First Amendment rights, and/or a claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc–1(a) ("RLUIPA"). The Court will address each putative claim in turn.

### A. First Amendment Claims Under Section 1983

To state a viable cause of action under 42 U.S.C. 1983,[2] a plaintiff must allege that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). To the extent Plaintiff's §1983 claim is directed against Defendant ECP, the claim fails as a matter of law because a county prison is not a "person" to whom liability can be assigned under §1983. See Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (*per curiam*) (concluding that district court properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability [, the county prison] is not a person capable of being sued within the meaning of § 1983") (internal citations omitted)); Mincy v. Deparlos, 497 F. App'x 234, 239 (3d Cir. 2012) (*per curiam*) (determining that district court properly concluded that county prison is not "person" within meaning of section 1983); Curry v. McCann, 2019 WL 77441, at *4 (E.D. Pa. Jan. 2, 2019) (dismissing claim against county prison with prejudice because "[a] county correctional facility . . . is not a 'person' under section 1983"). Plaintiff's §1983 claim against Defendant ECP will, therefore, be dismissed.

Defendant Holman, on the other hand, is a "person," for purposes of §1983, who undoubtedly acted under color of state law in his capacity as Deputy Warden of ECP. The

---

[2] This statute provides a private right of action as against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws ...." 42 U.S.C. §1983.

relevant question, therefore, is whether Plaintiff has plausibly alleged that Defendant Holman deprived him of a federal constitutional right. Here, Plaintiff appears to be alleging that Defendant Holman engaged in unlawful retaliation in violation of the First Amendment.

In order to successfully state a First Amendment violation predicated on retaliation, Plaintiff must allege: "(1) that he was engaged in a constitutionally protected activity; (2) that he 'suffered some adverse action at the hands of the [Defendant]'; and (3) that the protected activity was 'a substantial or motivating factor' in the [Defendant's] decision to take the adverse action." Jones v. Davidson, 666 F. App'x 143, 148 (3d Cir. 2016), quoting Rauser v. Horn, 241 F.3d 330, 333–34 (3d Cir. 2001). If the Plaintiff does so, the burden then shifts to the Defendant to prove "'that [he] would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id., quoting Rauser, 241 F.3d at 334.

Here, the complaint fails to plausibly allege an unlawful act of retaliation. Plaintiff's averments establish only that he suffered adverse action (i.e., the rescinding of Plaintiff's kosher diet) as the result of eating kosher food from another inmate's tray. Because eating kosher food off of another inmate's tray is not constitutionally protected activity, no basis for unlawful retaliation has been stated.

Assuming, on the other hand, that Plaintiff characterizes Defendant Holman's actions as an unlawful substantive restriction on his religious freedom rights rather than an act of retaliation, his complaint still falls short of stating a cognizable claim. In order to establish a violation of the Free Exercise Clause of the First Amendment, Plaintiff must first show that a prison practice or policy has substantially burdened him in the practice of his religion. See Robinson v. Superintendent Houtzdale SCI, 693 F. App'x 111, 115 (3d Cir. 2017) ("The threshold question in any First Amendment or RLUIPA case is whether the prison's challenged

5

policy or practice has substantially burdened the practice of the inmate-plaintiff's religion."); Washington v. Klem, 497 F.3d 272, 277 (3d Cir. 2007) ("[T]he Free Exercise Clause of the First Amendment does not impede the enforcement of neutral and otherwise valid laws of general applicability that incidentally burden religious conduct."), citing Employment Div., Dept. of Human Resources of Ore. v. Smith, 494 U.S. 872, 878-82-885.

Here, Plaintiff's own averments indicate that, before Defendant Holman engaged in the complained-of conduct, he (Plaintiff) had been receiving a kosher diet. To the extent that Plaintiff was deprived of the opportunity to eat another inmate's kosher food, this alone does not constitute a substantial infringement of Plaintiff's right to exercise his religious beliefs. And, to the extent that Plaintiff may characterize Defendant Holman's basis for rescinding his kosher diet a "pretext" for some other unlawful intent, that theory is insufficiently pled. At most, Plaintiff's averments establish the vague possibility of unlawful conduct. This is inadequate, however, under federal pleading standards. While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." Iqbal, 556 U.S. at 678. Accordingly, the Complaint fails to state a §1983 claim against Defendant Holman upon which relief can be granted.

### B. RLUIPA

To the extent Plaintiff is attempting to state a claim under RLUIPA, he fares no better. RLUIPA provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution." 42 U.S.C. § 2000cc-1. To assert a viable RLUIPA claim, Plaintiff must establish that he had a sincerely held religious belief and that a prison policy or official practice substantially burdened his exercise of those religious beliefs. Munic v. Langan, 2015 WL 5530274, at *4 (M.D. Pa. Sept. 18, 2015). Thus, as

is true in a First Amendment case, the "threshold question in any ... RLUIPA case is whether the prison's challenged policy or practice has substantially burdened the practice of the inmate-plaintiff's religion." Robinson, 693 F. Appx. at 115. Once this showing is made, the government must demonstrate that the burden it has placed on the plaintiff's religious rights furthers a compelling governmental interest and involves the least restrictive means available. Washington, 497 F.3d at 277-78.

Here, for the reasons previously discussed, Plaintiff has failed to plausibly allege that his ability to exercise his religious beliefs was substantially burdened. Under RLUIPA, a "substantial burden" is one where: (1) a prisoner is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning a precept of his religion in order to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs. Munic, 2015 WL 5530274, at *4, citing Gould v. Beard, 2010 WL 845566 *4–5 (W.D. Pa. Jan.16, 2010). As recited above, Plaintiff's own averments suggest that: (i) prison officials afforded him a kosher diet and (ii) this special diet would not have been "rescinded" but for Plaintiff's act of eating off another inmate's tray. Thus, even if the allegations in the Complaint are accepted as true, they fail to establish that Plaintiff was forced into a "Hobson's choice" of either (a) adhering to sincerely held religious precepts or (b) abandoning those precepts in order to receive a benefit that would otherwise generally be available to all inmates. Similarly, Plaintiff's averments fail to plausibly establish that he was pressured to substantially modify his behavior in a way that would violate his beliefs. At most, the Complaint suggests that Plaintiff was "pressured" to not eat from another inmate's kosher food tray. Because Plaintiff has not

alleged facts demonstrating that his religious exercise rights were substantially burdened, his RLUIPA claim will be dismissed.

### C. Amendment

The law of this circuit holds that, "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir.2008). Based on the foregoing discussion, Plaintiff's claims are incapable of remediation; therefore, all claims will be dismissed with prejudice.

An appropriate order follows.